

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-12-2009

# USA v. Raulin Sanchez-Corde

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3933

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"USA v. Raulin Sanchez-Corde" (2009). *2009 Decisions.* Paper 1746.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/1746

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

CLD-118                                                                                   NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 08-3933
_____

RAULIN SANCHEZ-CORDERO,
                                    Appellant

v.

UNITED STATES OF AMERICA

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Criminal No. 02-cr-00593-001)
District Judge:  Honorable Katharine S. Hayden

_____

Submitted for Possible Dismissal for Untimeliness, or for Possible
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
February 26, 2009

Before: RENDELL, HARDIMAN and GREENBERG, Circuit Judges

(Filed March 12, 2009)
_____

OPINION OF THE COURT
_____

PER CURIAM

    Raulin Sanchez-Cordero was sentenced to a 120-month statutory mandatory

minimum on November 25, 2002.  Sanchez-Cordero filed pro se a motion in the District

Court of New Jersey seeking to have his sentence reduced pursuant to 18 U.S.C. §

3582(c)(2). The District Court denied his motion, finding that Sanchez-Cordero was ineligible for any reduction because he was sentenced to a statutory mandatory minimum. Petitioner timely appeals. See United States v. Grana, 864 F.2d 312, 316 (3d Cir. 1989). We have jurisdiction under 28 U.S.C. § 1291. We may summarily affirm the District Court's judgment if the appeal presents no substantial question. 3d Cir. LAR 27.4 and I.O.P. 10.6. For the reasons that follow, we will do so.

Sanchez-Cordero is not eligible for a sentence reduction because he was sentenced to a mandatory minimum. He pleaded guilty to a crime involving more than fifty grams of crack cocaine with a statutory minimum of 10 years. 21 U.S.C. § 841(b). Amendment 706 to the Sentencing Guidelines lowered the base offense levels for cocaine base offenses. Amendment 706 is inapplicable in this instance because the Sentencing Commission has not altered and cannot alter a statutory mandatory minimum sentence. See U.S.S.G. § 1B1.10 app. note 1(A) ("[A] reduction in the defendant's term of imprisonment is not authorized under 18 U.S.C. § 3582(c) and is not consistent with this policy statement if ... the amendment does not have the effect of lowering the defendant's applicable guideline range because of the operation of ... another statutory provision (e.g., a statutory mandatory minimum term of imprisonment")). As this appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. LAR 27.4 and 3d Cir. I.O.P. 10.6.